Conover v. Van Mater.

## CONOVER vs. VAN MATER and others.*

1. A mortgage taken with actual notice by the mortgagee, of an existing, unrecorded mortgage, will be postponed in favor of the prior mortgage, and that in the hands of an assignee without notice.

2. Bonds and mortgages have never been placed upon the footing of commercial paper ; and an assignee takes them subject to all equities between the assignor and other parties, whether latent or not.

3. The payment of illegal brokerage to an agent for effecting a loan, where no part of it is received by the mortgagee, cannot taint the loan with usury.

4. The burthen of proof is on the party setting up the defence of usury. He must establish the facts necessary to constitute it, beyond reasonable doubt, and by a clear preponderance of testimony.

5. Usury is a defence not favored in equity ; when the penalty was the forfeiture of the whole debt, it was considered unconscientious. It cannot be so regarded under the act of 1864; but the forfeiture of interest and

* CITED in *Morris* v. *Taylor*, 7 *C. E. Gr.* 440; *Atwater* v. *Underhill*, *Id.* 606; *Taylor* v. *Morris*, *Id.* 612; *Ins. Co.* v. *M'f'g Co.*, 10 *C. E. Gr.* 163 ; *Corning* v. *Ludlum*, 1 *Stew.* 400 ; *Kane* v. *Ins. Co.*, 10 *Vr.* 706.

costs is yet a penalty; and the rule of evidence adopted both at law and in equity in case of penalties, must be applied.

6. An agreement for the payment of seven per cent. interest, (when such rate is allowed by law,) made in consideration of further forbearance after the mortgage became due, is valid. Subsequent mortgagees take their securities subject to these changes in the law as to those before them.

*Mr. J. Parker* and *Mr. R. Allen, jun.*, for complainant.

*Mr. Vredenburgh*, for defendants.

THE CHANCELLOR.

The bill in this case, is for the foreclosure of five mortgages held by the complainant, given by the defendants, B. H. Van Mater and wife, upon his farm, in the county of Monmouth.

Maria Van Mater and Sidney Conover are made defendants, because they each hold a mortgage, given by B. H. Van Mater, upon the same premises.

The mortgages held by the complainant are: first, one given to Joseph T. Laird, to secure the payment of four thousand dollars, and interest, dated April seventh, 1862, and recorded April eleventh, 1862, and by Laird assigned to Daniel Bray, and by him to the complainant; second, one given to Daniel Bray, to secure thirteen hundred dollars, and interest, dated April first, 1865, and recorded April eighth, 1865, and assigned to the complainant; third, one given to the complainant, to secure the payment of fourteen hundred dollars, and interest, dated May thirty-first, 1865, and recorded June second, 1865; fourth, one to the complainant, to secure the payment of twenty-five hundred dollars, and interest, dated October nineteenth, 1865, and recorded November thirteenth, 1865; and fifth, one to the complainant, to secure the payment of twenty-two hundred dollars and interest, dated January twenty-second, 1866, and recorded the next day.

The defendant, Sidney Conover, who has not answered,

holds a mortgage given to John H. Van Mater, to secure the payment of four thousand dollars, with interest, dated April seventh, 1862, and recorded May second, 1864. The defendant, Maria Van Mater, held a mortgage given to herself and her deceased sister, Eleanor Van Mater, and her deceased brother, John H. Van Mater. This mortgage was dated April seventh, 1862, and was recorded August twenty-eighth, 1865. It was given to secure Maria and Eleanor an annuity of two hundred dollars during the life of the longest liver, and the providing each with board, lodging, and medical attendance, during her life; and in one year after the death of the survivor, to secure to John H. Van Mater the payment of four thousand dollars. John died a few months after the date of the mortgage, and Eleanor in about a year after it. Maria was made defendant, as surviving mortgagee, and surviving obligee in the accompanying bond, and has died since the filing of her answer; and her representatives have been made parties to the suit in her stead.

The farm on which these mortgages were given, was conveyed to B. H. Van Mater, by Maria and Eleanor Van Mater, on the seventh of April, 1862, and the mortgage to them was to secure part of the consideration money.

The mortgage to Laird, by their consent in writing, was to be the first mortgage. These two mortgages, and the mortgage to John H. Van Mater of the same date, were executed at the same time, all the mortgagees being present; and it was agreed by all the parties, that the mortgage to Laird was to be first; that to Maria, Eleanor, and John, to be second; and that to John, to be third in priority of lien upon the premises. This is proved by the person who was the subscribing witness to all three, and before whom they were all acknowledged. In April, 1866, B. H. Van Mater surrendered the possession of the premises to Maria Van Mater, as mortgagee, who accepted it, and rented the premises to the defendant, Hendrickson, at the annual rent of five hundred dollars.

The defendants, B. H. Van Mater and Maria Van Mater,

who have answered, contend that the mortgage to Maria and others, though not recorded before them, is prior to the mortgage to John, on account of that agreement; and to the mortgage to Bray, because he had notice of it; and prior to the fourteen hundred dollar mortgage to Conover, because he also had notice.

They also contend that the three mortgages to the complainant are each affected by usury, and that only the principal, less the usury or bonus paid, can be recovered; and set up this defence in their answer, specifying the amount paid as usury in each transaction, and the manner in which it was paid.

The complainant contends, that there is nothing due to Maria on the mortgage to her for arrears of annuity, support, or medical attendance; that the same should be adjudged satisfied; and that no account ought to be taken of these matters.

The first question to be considered, is the relative priority of the mortgages. The mortgage to Laird is admitted to be first. And the agreement stated by Walling, the subscribing witness to the mortgages to Maria and Eleanor and the mortgage to John, if made, as he states, at the time of the execution and delivery, gives priority to the mortgage to Maria, as between these two mortgages.

B. H. Van Mater testifies that Bray had actual notice of the mortgage to Maria before he took the mortgage given to him; this is not disproved, although Bray is living. The evidence cannot be disregarded, and the mortgage to Bray must, therefore, be postponed to the mortgage to Maria. It will have no effect upon this, that the complainant took the assignment of the mortgage to Bray, in ignorance of the existence of Maria's mortgage, and of the fact of the notice to Bray. It is the established rule, that the assignee of a bond or mortgage takes them subject to all equities between the assignor and other parties, whether these equities be latent or not. Bonds and mortgages have never been placed upon

the footing of commercial paper, and purchasers deal in them at their own risk.

The mortgage for fourteen hundred dollars to the complainant, was given before that to Maria was recorded ; and there is no proof that the complainant had any notice of it. Notice to his brother, Sidney Conover, will not affect the complainant, unless it was proved that they were jointly concerned or interested in the mortgage. There is evidence that makes some joint concern, perhaps, probable. But no interest of Sidney is proved in such manner that a decree can be based upon it, except the fact that the money borrowed on that mortgage was to be paid to him, and was paid to him for debts B. H. Van Mater owed him. This is not such connection as would affect the complainant by notice to Sidney. Besides, Sidney denies notice to him.

The mortgage to Maria must be postponed to that to the complainant for fourteen hundred dollars. The relative order of all the others is according to the dates of recording.

The complainant's mortgage for fourteen hundred dollars being thus prior to the mortgage to Maria, which is prior to the mortgage to Bray and the mortgage to John, to both of which the fourteen hundred dollar mortgage is subject, if the surplus proceeds of the sale, after paying the mortgage to Laird, and the costs, are not sufficient to pay all three, enough of the proceeds to satisfy the amounts due on the mortgage to John, and on that to Bray, if there be so much, must be set aside, and the amount due to the complainant on his fourteen hundred dollar mortgage, must be next paid.

Out of the amount so set aside, the representatives of Maria must be first paid the amount due on the mortgage to her, less the amount so paid to the complainant on his fourteen hundred dollar mortgage ; and Sidney Conover must be next paid out of the sum so set aside, the amount due on the mortgage to John held by him ; and out of the residue of said sum, the balance due on the mortgage to Maria must be then paid. If the surplus proceeds are not more than

sufficient to pay the amounts due on the mortgages to Bray and to John, the complainant will not be entitled to receive anything on his mortgage for fourteen hundred dollars.

The next question is as to the usury. There is no evidence whatever of any usury being paid to the complainant on the mortgage for fourteen hundred dollars. The evidence offered is, that Benjamin paid to Sidney three hundred and thirty-six dollars, as a premium on that loan; but there is no evidence that any part of this was paid to the complainant, directly or indirectly, or that he agreed to receive it, or any part of it. There is no evidence, even, that he knew of it, though if he had known that his brother, Sidney, had received this or any other amount of illegal brokerage for effecting this loan, it could in no wise have tainted this loan with usury.

The usury on the mortgage for twenty-five hundred dollars, is alleged to be the giving of a note for four hundred and twenty-five dollars, as a consideration for the loan. A note for that amount was given and was paid. The testimony differs as to the consideration of that note. The witnesses who differ, are the complainant and Benjamin H. Van Mater. They differ in such manner that it is difficult to believe that it can be either mistake or forgetfulness.

The transaction at the filing of the bill and answer, the time when their serious attention would be called to it, was so recent, and the amount so considerable, that it is difficult to conceive how either could mistake. The complainant shows that this note was for the balance of a note for five hundred dollars, loaned Benjamin on the nineteenth of September preceding, and he shows his check for that amount, of that date, endorsed by Benjamin. He says, for the mortgage he advanced one thousand dollars by a check, which he produces; that he paid fourteen hundred and sixteen dollars in cash, and credited seventy-five dollars on the five hundred dollar note, by giving it up for the four hundred and twenty-five dollar note; and the remainder, nine dollars, was the interest on the five hundred dollar loan. This account is

circumstantial, but may be an invention; there is nothing to support it but the oath of the complainant; all the vouchers produced are consistent with Benjamin's story. The amount of the cash could be so stated as to suit either account, and the complainant fails to show where this cash came from, or why, when he gave a check for one thousand dollars, he did not give a check for the whole; and he is shown to be mistaken as to the source from which this cash came. But these difficulties attend equally the account of Benjamin. He says he received some cash; he thinks not quite one thousand dollars. The only question is, as to the last five hundred.

The evidence of Benjamin, as to this transaction, is not satisfactory. At first, he certainly failed to recollect the particulars of the transaction, and to a considerable extent varied his evidence; and he was mistaken in his account of the transaction at the giving of the mortgage of fourteen hundred dollars, to an extent that shows his recollection of such matters is not to be relied on. He is evidently not a careful, attentive, business man, and this may, perhaps, account for his not recollecting, with ordinary precision or correctness, business matters of this nature.

In this matter, the burthen of proof is on the defendant setting up usury. He is impeaching his own solemn obligations, under seal, and must establish the facts necessary to constitute it, beyond reasonable doubt; it is not sufficient to show an even balance of testimony; there must be a clear preponderance. Usury is a defence not favored in equity; the old consequence, the forfeiture of the whole debt, was so severe a penalty, that it was considered unconscientious.

The act of 1864 much modifies this; the penalty of forfeiture of interest and costs is very moderate for the willful disregard of a salutary provision of law, but yet it is a penalty. I cannot, under the present law, regard the defence as unconscientious, but must apply to the defence the rule of evidence that has always, both at law and equity,

been adopted in case of penalties. The offence must be clearly proved; in this case it is not.

The same reasoning will, with greater force, apply to the proof as to the mortgage for twenty-two hundred dollars. The evidence is still more doubtful there. I do not think that the evidence shows that nothing is due on the special conditions in the mortgage to Maria. The burthen of proof as to the payment of the annuity, is upon the defendant, Benjamin, and those claiming under him. I will take it as proven, for it was conceded to be so on the argument, that the annuity was paid for the first year. From April second, 1863, there is no proof of any payment exceeding one hundred dollars a year. The rest must be computed to the credit of Maria. The amount of the physician's bill, fifty-eight dollars and fifty cents, was not paid. The receipt of Dr. Cook shows clearly that Benjamin's note was not taken as payment; and the board and lodging of Maria, from May first, 1866, must be taken into account. On the other hand, the mortgagees are entitled to take into account the clear rent of the farm, received by her since she took the possession.

The agreements for the payment of seven per cent. are valid at law; they clearly bind Benjamin. They were made in consideration of further forbearance, after the mortgage was due. Until then, no charge could be made to affect subsequent encumbrances. But after they became due, the subsequent encumbrances are subject to such rate of interest as the law may authorize. A recent statute makes the legal rate of interest, where there is no agreement, seven per cent. The law, at the time of these agreements, allowed such rate as was agreed upon by the parties, not exceeding seven per cent. Subsequent mortgagees take their securities subject to these changes in the law as to those before them.